**In re Robert Whitney HALL, Debtor.**

**Bankruptcy No. 82–00603.**

United States Bankruptcy Court, D. Hawaii.

Jan. 30, 1984.

Erik R. Zen, Honolulu, Hawaii, for Trustee.

Randall Y.C. Ching, Honolulu, Hawaii, for creditor.

### ORDER DENYING MOTION TO ALTER OR AMEND OR IN THE ALTERNATIVE FOR A NEW HEARING

JON J. CHINEN, Bankruptcy Judge.

By the instant Motion to Alter or Amend or in the Alternative for New Hearing, Robert W. Hall, debtor herein, seeks to have this Court amend its Order Granting Motion to Modify Stay entered January 17, 1984, or in the alternative to rehear the motion. Although the instant motion is brought before the Court pursuant to Federal Rules of Civil Procedure 62, made applicable in bankruptcy proceedings pursuant to Bankruptcy Rule 7062, Mr. Hall is apparently also requesting relief pursuant to FRCP 59(a) and (e), made applicable in bankruptcy proceedings pursuant to Bankruptcy Rule 9023.

Having reviewed the record herein, including the Motion to Modify Stay filed herein on January 9, 1984 by Randall Y.C. Ching, Esq., counsel for TransNational Airlines of Hawaii, Inc., and Swift Delivery and Air Freight, Inc.; the Trustee's Posi-

tion Re Motion to Modify Stay, filed herein on January 13, 1984 by Erik R. Zen, Esq., counsel for Trustee Michael Anthony Marr; debtor's Motion to Dismiss Ex Parte Motion to Shorten Time for Motion to Modify Stay and Motion to Dismiss Motion to Modify Stay, filed herein on January 16, 1984; the Order Granting Motion to Modify Stay, entered herein on January 17, 1984 after a hearing before the undersigned Judge on January 16, 1984, being fully apprised of the record and the issues herein, having heard the argument of counsel and debtor, the Court finds that debtor has not brought forth sufficient justification, as required under Rule 59(e) to amend or alter the Order or pursuant to Rule 59(a) to grant a new hearing.

Rule 59(e) provides for amendment of judgments for various types of relief, including ...

> to alter the dismissal from one without prejudice to a dismissal with prejudice, and vice versa; to include an award of costs; in regard to time and conditions as to payment of a master; to include therein a conclusion of law previously adopted by the court; to vacate judgment of dismissal and amend the complaint; to vacate a dismissal for want of jurisdiction and amend the complaint to clarify the jurisdictional issue, and for other similar types of relief.

6A J. Moore, Moore's Federal Practice ¶ 59.12[1] (2nd ed. 1983) (footnotes omitted).

Rule 59(a) states that a new trial may be granted "(2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." The decision whether to grant a new trial is left to the judicial discretion of the Court, within the following guidelines:

> Just as at law, a rehearing in equity and its present counterpart, a new trial in a court action, will not lie merely to relitigate old matter; nor will a new trial normally be granted to enable the movant to present his case under a different theory than he adopted at the former trial. As a practical matter, in equity

formerly and in court actions now, three grounds for new trial are most common: manifest error of law or fact, and newly discovered evidence. Moore's Manual: Federal Practice, ¶ 24.01(2) (Vol. 2, 1983).

The Order which debtor seeks this Court to amend merely allows defendants, in a suit abandoned by the bankruptcy trustee and brought by debtor in state court, to raise counter claims in that action against debtor for determination in that forum, reserving for determination by the Bankruptcy Court the issue of dischargeability of any judgment against debtor and requiring the approval of the Bankruptcy Court for execution of any judgment resulting from the state court proceedings. The assertions made by debtor in the instant motion do not constitute grounds for amending or vacating the Order entered, and this Court hereby Denies the Motion to Alter or Amend or In The Alternative for New Hearing.